Case number 24-3003. United States of America v. Jonathan Johnson, also known as Jonathan Johnson, at balance. Mr. Katzhoff, are you at balance? Mr. Hobett, are you at balance? Mr. Katzhoff, good morning. Good morning. May it please the court, I represent Jonathan Johnson. This is an appeal from a criminal case. Mr. Johnson has raised two issues. He was convicted before the district court for one count of 18 U.S. Code 922-G1, colloquially, I guess, known as the felon in possession charge. The issue that I first addressed is whether the district court erred or abused its discretion in denying the post-verdict evidentiary request, post-verdict request to interview the juror or to have a hearing where the juror would be present and address questions that have been raised. The second issue involves the constitutionality of 18 U.S. Code 922-G. On the first issue, how much of this email would be admissible? I think only one sentence, right? I thought that two sentences, perhaps. I thought that the... Diagnosed with chronic anxiety and depression, and what else? I thought that the apology for failing to acknowledge this to the court previously would be perhaps relevant with regard to dishonesty and the issues related to that. So, yes, we can't disagree that much of it would be not be the subject or would be precluded by 606B, at least initially. But the request was really for almost any kind of hearing, starting with, at that point, they didn't know who the juror was. Is a person with chronic anxiety and depression disqualified from serving as a matter of law? Not as a matter of law, not automatically. The problem is the need for further information. The judge, sort of during the hearing, without conducting any further inquiry, without bringing the juror in, without allowing the juror to be interviewed, in an effort, I guess, to protect the juror, said that she believed that the juror was not lying as to the dishonesty issue. But the bottom line is it's just far too little information. And as this court sort of discussed in the Boney case, which was a biased case, until you have sufficient inquiry to learn what the various issues could be, it's hard to know. So the judge, I think, is sort of prejudging on very little information, whether there are issues that would go to mental competence or incompetence. The statute requires jurors to be competent. The Constitution requires. It's not an unreasonable position you're taking. You need to show that Judge Pan abused her discretion in denying this. And she sat through the trial. She observed the juror. That's a tough row for you to hoe. Well, I think that's some. She questioned her during voir dire, too. She questioned her during voir dire. She did question her during voir dire. What struck me is that the perspective juror wanted to be on the jury and didn't say anything about feeling any anxiety or so forth. And then, this is just my view of it, the verdict did not suit her. Well, obviously, the verdict troubled her. Obviously, her conscience bothered her. This is a situation where we're not asking, or an attorney at that point wasn't asking for a new trial, wasn't asking to vacate the verdict, really trying to gather the information that's necessary. And that's where the abuse of discretion comes in. It's an improper reliance on 606B where the issue of dishonesty and mental competence don't really come into play with 606B. Werger is distinguishable. Werger was much narrower than the judge, than the district court applied it. That involved testimony of a juror against another juror to even get to the threshold. Here we have a single juror. We're not interfering with jury deliberations, mental processes, other jurors being asked to testify about other jurors. This is a single juror bringing something to the attention of the court. The single juror must expect that there's going to be some further inquiry. This isn't the kind of harassment case where you're going out and interviewing 12 jurors and trying to make hay. The hay was brought to you, and there's an obligation on the district court to go a little further to determine whether there's competence issue, whether there was a Sixth Amendment violation. And the only way to do that is really to ask the juror those questions and to figure out whether that was. And to stop it at the point that it was stopped and to rely on 606B and the cases that the court relied upon is an abuse of discretion. And that's the position that we've raised, and I think the case law supports it. I think the Solomon B. Fogg decision supports it. I think sort of the analysis in Boney is obviously it's different. The bias is a lot different issue, really, but the principles are the same. You have an issue of competency that's flagged. Why does this person not disclose that information? Attorneys and judges know the effect it could have during deliberations and what it might mean and whether it might lead to a challenge for cause. I don't have a basis to make those claims now, but those would be further down the road. But I think it certainly meets the standard that's required for getting a further hearing on competency and certainly meets the McDonough standard. Why is there an issue of competence? You say that so confidently. What prompts? The juror sends a note and said I had surgery a couple of weeks ago, and I have found I now realize that every few days I have terrible pain. And then if it continues a day, I'm having a really bad day. I'm not sure my thinking is good. And the judge had no such information on the pretrial forms or inquiries or voir dire or anything. What makes it a real issue of competence? Because she said it. Mental illness, mental conditions are. You're assuming something. Well, no. Well, I'm assuming what the juror stated. So we have a juror stating I have a diagnosis, not just I'm having a bad day. I have a diagnosis of anxiety, chronic anxiety, depression. I understand she describes manic episodes, although that might not be admissible, you know, in some respects on 606B, although it might end up being depending on whether mental competency becomes a real issue. But mental illness has been recognized by a number of courts, and we cited a few, where it did rise to the level of justifying a challenge for cause. So it is different than I have a backache and I can tell the judge I need a break, I need to stand up. Is there a trial overturned after the fact if defense counsel finds out that one of the jurors has a diagnosis of mental incompetence and never revealed it and yet sat? I believe that if that's what the hearing, what further hearing showed, that the juror was incompetent and there's competent evidence to establish that, then I believe that the defendant would have been denied right to a fair, impartial, and competent jury that the Constitution recognizes, and it would be, a new trial would be appropriate. You haven't addressed the second area. Well, if I can quickly address the second issue. The second issue is a challenge to the constitutionality of 922G1. What's your good cause for not preserving it? Well, my first argument is that I don't necessarily have to show good cause that this circuit hasn't required that. If I had to address good cause, the cause was a disagreement between the defendant and counsel. Counsel sort of semi-flagged it for the court but did not raise it to preserve it in a way that is possible. Under those circumstances, since it wasn't intentional relinquishment, the court should apply the plain error standard. Not in the brief, right? Is that in your brief? That's in the reply brief, and we've cited authority for courts that have permitted us to address that if the government raises waiver as an issue and made those arguments in the reply brief. You want plain error review. Correct. Which would put you in a better position for raising the issue for the first time on appeal than if you had raised it belatedly in the district court where you would have to show good cause. That seems flawed. It's an interesting aspect of the rule, and as amended, it does suggest that the district court can address it for good cause. But for appellate purposes, there's been a different approach, and I think good cause could have been made out in the district court in this case anyway for the same reasons that I'm suggesting it's made out here. There's not an intentional relinquishment by the defendant. The defendant clearly wanted to raise it, and under those circumstances, the appropriate— What is your best argument for plain error? You mean— What is your best argument for plain error? For what? Applying plain error as opposed to good cause, or why it's plain error? Plain error. Well, obviously, the argument is it's plain error because the statute is plainly unconstitutional post-Berlin in terms of the two-step analysis that now applies, that Medina no longer is binding or controlling. Unconstitutional as applied to your client with his record? Facially unconstitutional is my best argument. In every possible application? In every possible— At least Salerno. Every possible application because— Including as applied to a habitual violent offender. Well, yes, because the nature of the offense applying to all felons who are covered as Americans, are covered as a part of the class of the people guaranteed those rights under the Second Amendment, that the government, once it's established that that conduct implicates the Second Amendment, the government has the burden to show that the statute meets— There's been a pretty robust debate in the cases on whether the statute is constitutional as applied to low-level nonviolent offenders. I don't know of anyone who's said it's unconstitutional as applied to habitual violent criminals. I don't have a case to cite on that in particular, which is why I told Judge Henderson, I believe my best argument is that it's facially unconstitutional and that the government can't meet its burden to satisfy the nation's historical tradition of firearm regulation in the founding era. And that just doesn't exist, and therefore, I have to go back to the beginning on 922G1, and it's unconstitutional, and that's what needs to be applied to my client. Nothing more? Okay, we'll give you a couple minutes in reply. Thank you. Mr. Hobel? Thank you. Good morning. May it please the Court, Mark Hobel for the United States. The District Court did not abuse its discretion in denying further evidentiary hearing or inquiry based on the— to impeach the verdict based on the email of the essentially disgruntled juror, which we suggest was inadmissible under Rule 606B. The authorities here, principally Tanner of the United States, discussed the showing that must be made or potentially must be made in order to trigger what's really a very disfavored type of hearing into jury—into juror conduct after a verdict. There's a strong interest in finality here once the verdict adheres. Tanner's discussed an extremely strong showing of incompetency that must be made in order to trigger an inquiry, left open that possibility. This Court in the United States v. Williams Davis discussed that standard and mentioned how it interpreted that to mean that the defendant must show through extrinsic evidence, not through the juror's statements, which are barred by Rule 606B, that there was some showing of incompetence or other basis to disrupt the finality of the verdict. Judge Pan, sitting as the District Court, reasonably found that the defendant had not proffered clear evidence of mental incompetence or dishonesty during voir dire that would justify subjecting that juror to questioning by defense counsel. That was entirely within her discretion under those authorities. I think the government does disagree on how much of the email from the juror is covered by Rule 606B. We'd say the entire email. It's difficult to parse it in the way the defense suggests, but even if you could— Why is that? Because the suggestion of I have chronic anxiety and depression— It has nothing to do with anything that's happening inside the black box. Right, but the context is clearly, I believe, in the next line she says, and then here's the effect it had on the deliberations and on my mental processes during the deliberations. The next line is excluded. Right, but even if Rule 606B doesn't cover the two lines that I believe the defense is suggesting it doesn't, that's not even close to enough to trigger a need for an inquiry of this juror. Compare the situation to Tanner again in which there was evidence from jurors that the jurors had essentially been having one big party involving drinking cocaine, marijuana use throughout the trial, and even there the Supreme Court said that the judge was entirely within his discretion to disallow any further evidentiary hearing on that because of the very strong interest in finality of juror verdicts and also the need to protect jurors after they've rendered their service. So I am happy—unless there are any further questions on that issue, I am happy to turn briefly to the unpreserved Second Amendment claim. We have brought up the circuit split on good cause on Rule 12 and whether a defendant needs to show good cause to bring this type of claim for the first time on appeal. We submit that the majority has the better, clearer reading of the statute, and obviously the defense has not shown good cause for their failure to make a timely motion. But at this point, the court is fully in a position to do what this court did in Burroughs and Neely and resolve this on plain error because the defense has admitted that plain error applies to this unpreserved claim and Section 922G1 is not plainly unconstitutional, certainly not facially, certainly not as applied to a felon who was convicted of a violent felony and was on supervised release. This violent felony involved the use of a gun to shoot somebody. So unless the court has any further questions, we would ask that the court affirm. Thank you. Why don't you take two minutes? Yeah. I don't need that much time to address issues that the governor raised. I would just note that the Tanner decision is a case where the judge actually granted an evidentiary hearing and they conducted some level of evidentiary hearing before making a determination as to where 606B specifically kicked in, whether there was a need for further inquiry, whether there was a need to disturb all the jurors and bring them all in and address that. It was a pretty rigorous split in the Tanner decision, and it did recognize the protections and the interplay between Fifth Amendment, the Sixth Amendment, and juror competency issues and 606B and where those common law exceptions should be applied. And I think the case law does not, in the end, support the government's argument or the district court's ruling that no further inquiry whatsoever was necessary or appropriate. It was just so preliminary when the denials were made, and even to make a statement that you believe the juror was not lying goes beyond what the record supports, and it was an abuse of discretion. Mr. Katzoff, you were appointed by the court to represent the client, and we thank you for your able assistance. You're welcome, Your Honor. Thank you.
judges: Henderson; Katsas; Edwards